IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:19-cr-00065-DMB |
| LATROY DANIELS, and MICHAEL WILLIE, | |
| Defendants. | |

**GOVERNMENT'S CONSOLIDATED RESPONSE TO
DEFENDANTS' MOTIONS REGARDING DISCOVERY**

COMES NOW the United States of America, by and through William C. Lamar, the United States Attorney for the Northern District of Mississippi, and files this response to Michael Willie and Latroy Daniels ("Defendants") motions regarding discovery. Specifically, the government files this motion in response to (i) Michael Willie's motions requesting witness statements and "deals made between the government and codefendants (Docs. #303-04)," (ii) defendants' request for disclosure of rough notes (Doc. #299), and (iii) Latroy Daniel's request for disclosure of expert opinions (Doc. #308).

1. The defendants requested witness statements and impeachment materials. The District Court issued a scheduling order, which addresses disclosure of witness statements, etc. See, Doc. #242, paragraphs 8-9. The United States submits that the materials requested by the defendants are addressed in the previously entered scheduling order and therefore the defendants' request should be denied as it is moot.

2. The defendants request for handwritten notes made by agents during interviews of individuals related to this case should be denied. Federal Rule of Criminal Procedure 16(a)(2) states that, except for certain narrow exceptions, "[Rule 16] does not authorize the discovery or

inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." *See United States v. Mann*, 61 F.3d 326, 331 (5th Cir. 1995).

Regarding the more specific requests for "rough notes," Rule 16(a)(1)(A) does not entitle the defendant to discovery of rough notes. In *United States v. Brown*, 303 F.3d 582, 591-92 (5th Cir. 2002) the Fifth Circuit held that Rule 16(a)(1)(A) did not require disclosure of the rough notes of the defendant's post-arrest interview, stating, "Rule 16(a)(1)(A) does not grant a criminal defendant a right to preparatory interview notes where the content of those notes have been accurately captured in a type-written report, such as a 302, that has been disclosed to the defendant."

Here, the United States has provided, and will continue to provide, the defendants with reports containing witness interviews. But rough notes of witness interviews are not discoverable because they are not the statement of the witness; rather, they are the statement of the interviewing Agent. *See United States v. Williams*, 998 F.2d 258, 269 (5th Cir. 1993).

Furthermore, the defendants have not articulated any reason to believe that the material they are requesting contains any exculpatory information, and therefore the defendants are not entitled to any of these materials under *Brady*. As the Fifth Circuit has held, "vague assertions do not establish any exculpatory evidence, let alone a reasonable probability that such evidence affected the outcome of the trial." *United States v. Moore*, 452 F.3d 382, 388 (5th Cir. 2006); *see also United States v. Garrett*, 238 F.3d 293, 302 (5th Cir. 2000).

3. The defendants have requested disclosure of expert opinions. The government has previously provided defendants with notice that expert testimony may come from doctors and nurses who treated the victims in the case. Additionally, the United States previously advised the

defendants that an expert witness may testify as a gang expert on the Gangster Disciples street gang. The government plans to promptly provide defense counsel with notice of the specific individuals who will testify as experts and the basis for their opinion, as well as their training and experience qualifications, as the expert witnesses are identified.

## CONCLUSION

The United States is aware of obligations under *Brady*. Any exculpatory materials will be promptly provided to defense counsel. Impeachment materials and witness statements will be provided at least seven days prior to trial (as the scheduling order requires). Because the issues raised by the defendants are addressed by the Court's scheduling order, and because the law does not support their request for rough notes, the government asks the Court to deny their motions without hearing.

Respectfully submitted this the 13th day of October, 2020.

                                                  WILLIAM C. LAMAR
                                                  United States Attorney

By:    */s/ Samuel R. Stringfellow*
        Samuel R. Stringfellow
        MS Bar # 105587
        Assistant United States Attorney
        900 Jefferson Avenue
        Oxford, Mississippi 38655
        (662)234-3351

CERTIFICATE OF SERVICE

I, Samuel R. Stringfellow, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to the attorney for the defendants.

This the 13th Day of October, 2020.

By: /s/ Samuel R. Stringfellow
Assistant United States Attorney