1

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| | NORTHERN DISTRICT OF MISSISSIPPI |
| 2 | OXFORD DIVISION |

UNITED STATES OF AMERICA                    PLAINTIFF

VS.                                         NO. 3:19-CR-65 12

DARRELL STEELE                              DEFENDANT


CHANGE OF PLEA HEARING


BEFORE HONORABLE DEBRA M. BROWN
CHIEF UNITED STATES DISTRICT JUDGE


Greenville, Mississippi
May 17, 2023


APPEARANCES:

For the Government:   SAMUEL R. STRINGFELLOW, ESQUIRE
                      U.S. ATTORNEY'S OFFICE
                      900 Jefferson Avenue
                      Oxford, Mississippi  38655


For the Defendant:    TERENCE L. HIGH, ESQUIRE
                      THE HIGH LAW FIRM, PLLC
                      395 Edgewood Terrace Drive
                      Jackson, Mississippi  39206


Court Reporter:       BRENDA D. BLACKBURN, RPR, CCR #1087
                      FEDERAL OFFICIAL COURT REPORTER
                      305 Main Street
                      Greenville, Mississippi  38701

1                  (CALL TO ORDER OF COURT AT 1:33 P.M.)

2          **THE COURT:**  Good afternoon.  Be seated, please.

3      The Court calls the United States of America versus

4  Darrell Steele, case number 3:19-CR-65.  This is a change of

5  plea hearing.

6      Who is here as counsel for the government?

7          **MR. STRINGFELLOW:**  Sam Stringfellow for the

8  government, Your Honor.

9          **THE COURT:**  And counsel for Mr. Steele?

10         **MR. HIGH:**  Terence High for Mr. Steele, Your Honor.

11          **THE COURT:**  And our representative from probation?

12          **PROBATION OFFICER:**  Lonnie Everill on behalf of

13  Andrew Fountain, Your Honor.

14          **THE COURT:**  You-all may remain at counsel table.

15  Just make sure that when you're speaking that there's a

16  microphone in front of you and that the green light is on when

17  you're speaking.

18      I am aware, of course, that we have another proceeding

19  that the Court set a change of plea hearing for in a different

20  case that's before this Court.  I was going to attempt to try

21  to combine them, and I guess we can for certain purposes, but

22  otherwise I want to keep them separate.  But we'll go along and

23  just see how it comes out with respect to competency and all of

24  those types of things.

25      We will start, then, by having Mr. Steele administered --

3

1  the oath administered to him.

2      **COURTROOM DEPUTY:**  Please raise your right hand.

3      (OATH ADMINISTERED BY COURTROOM DEPUTY.)

4      **THE COURT:**  You may be seated, sir.

5  Sir, I want to confirm that you are indeed Darrell Steele?

6      **THE DEFENDANT:**  Yes, ma'am.

7      **THE COURT:**  What is your full legal name, Mr. Steele?

8      **THE DEFENDANT:**  Darrell Eugene Steele.

9      **THE COURT:**  E-U-G-E-N-E?

10     **THE DEFENDANT:**  Yes, ma'am.

11     **THE COURT:**  Mr. Steele, do you understand that you're

12 now under oath and if you answer any question that the Court

13 asks you falsely, your false answer may be used against you in

14 a prosecution for perjury or making a false statement?

15     **THE DEFENDANT:**  Yes, ma'am.

16     **THE COURT:**  Do you understand that you have the right

17 to remain silent and not answer any of the Court's questions?

18     **THE DEFENDANT:**  Yes, ma'am.

19     **THE COURT:**  In this case, Mr. Steele, I have been

20 advised that you now wish to plead guilty to Count 1 of the

21 second superseding indictment.  Is that correct?

22     **THE DEFENDANT:**  Yes, ma'am.

23     **THE COURT:**  And is it also correct that you wish to

24 plead guilty to that particular count pursuant to a written

25 Plea Agreement with the government?

4

1      **THE DEFENDANT:**  Yes, ma'am.

2      **THE COURT:**  I have a number of questions to ask you,

3  Mr. Steele.  My goal is to make sure that you're fully informed

4  of your rights and that understand your rights in this

5  proceeding.  If you do not understand a question, let me know,

6  and I will clarify the question for you.

7      Now, you may speak with your counsel, Mr. High, at any

8  point in this proceeding.  But that's something that you've got

9  to let me know that you wish to do as well.  Agreed?

10      **THE DEFENDANT:**  Yes, ma'am.

11      **THE COURT:**  How old are you, Mr. Steele?

12      **THE DEFENDANT:**  48.

13      **THE COURT:**  And what is the highest level of

14  education that you obtained?

15      **THE DEFENDANT:**  Tenth grade.

16      **THE COURT:**  Do you have your GED or any type of

17  diploma equivalent?

18      **THE DEFENDANT:**  No, ma'am.

19      **THE COURT:**  Have you taken any medication, drugs,

20  alcohol, or anything that would impair your ability to

21  understand what's going to happen during this hearing today?

22      **THE DEFENDANT:**  No, ma'am.

23      **THE COURT:**  Is there any medication that you're

24  prescribed to take on a regular basis?

25      **THE DEFENDANT:**  Yes, ma'am.

1       **THE COURT:**  Can you tell me what that is?

2       **THE DEFENDANT:**  High blood pressure medicine,

3   diabetes, cholesterol.

4       **THE COURT:**  Okay.  So, medication for high blood

5   pressure, diabetes, and cholesterol?

6       **THE DEFENDANT:**  Yes, ma'am.

7       **THE COURT:**  How often are you required to take each

8   one?

9       **THE DEFENDANT:**  Twice a day.

10      **THE COURT:**  And did you take all of them this

11  morning?

12      **THE DEFENDANT:**  No, ma'am.  Because I just got to a

13  new facility, and it will start tonight.

14      **THE COURT:**  What?  You just got to a new what?

15      **THE DEFENDANT:**  A new facility.

16      **THE COURT:**  So when you say "twice a day," is it

17  generally that you would take the medication in the morning and

18  in the evening?

19      **THE DEFENDANT:**  Right.  Yes, ma'am.

20      **THE COURT:**  And you did not take it this morning?

21      **THE DEFENDANT:**  No, ma'am.

22      **THE COURT:**  Did you take it last night?

23      **THE DEFENDANT:**  Uh-uh.  Because I just had got there.

24      **THE COURT:**  Okay.  So, you've missed kind of a full

25  cycle of taking your medications?

6

1    **THE DEFENDANT:**  Yes, ma'am.

2    **THE COURT:**  Have you missed a full cycle of your

3 medications before as far as, you know, missed a day of taking

4 your medications?

5    **THE DEFENDANT:**  No, ma'am.

6    **THE COURT:**  Has there been a time, I guess, in recent

7 months that you haven't taken the medication?

8    **THE DEFENDANT:**  Uh-uh.

9    **THE COURT:**  Do you feel any differently today because

10 you haven't taken those medications?

11    **THE DEFENDANT:**  No, ma'am.

12    **THE COURT:**  Do you believe that you're fine as far as

13 participating in this hearing, even though you haven't taken

14 your medication?

15    **THE DEFENDANT:**  Yes, ma'am, I'm fine.

16    **THE COURT:**  To the best of your knowledge, not taking

17 the medication doesn't have any effect on your ability to

18 understand and comprehend things?

19    **THE DEFENDANT:**  No, ma'am.

20    **THE COURT:**  Any other medications other than what

21 you've mentioned to me?

22    **THE DEFENDANT:**  No, ma'am.

23    **THE COURT:**  And then just for the record, so the last

24 time you took the medications was yesterday morning?

25    **THE DEFENDANT:**  Right.

1          **THE COURT:** Okay.

2     All right. Well, if at any point during this hearing that

3 you feel for any reason that you don't feel okay, you've got to

4 let me know that as well.

5          **THE DEFENDANT:** Yes, ma'am.

6          **THE COURT:** Agreed?

7          **THE DEFENDANT:** Agreed.

8          **THE COURT:** All right.

9    Now, have you ever been treated or hospitalized for an

10 addiction to drugs?

11          **THE DEFENDANT:** Yes, ma'am.

12          **THE COURT:** How long ago?

13          **THE DEFENDANT:** I'd say about eight years ago.

14          **THE COURT:** Okay. Was it treatment, or

15 hospitalization, or both?

16          **THE DEFENDANT:** Treatment.

17          **THE COURT:** Okay. Was it inpatient or outpatient?

18          **THE DEFENDANT:** Inpatient.

19          **THE COURT:** Was it, like, a 30-day or a 90-day type

20 of thing?

21          **THE DEFENDANT:** Ninety days.

22          **THE COURT:** Okay. And you said it was eight years

23 ago?

24          **THE DEFENDANT:** Huh?

25          **THE COURT:** You said it was eight years ago?

1          **THE DEFENDANT:**  It was around that time.

2          **THE COURT:**  Okay, nothing since then?

3          **THE DEFENDANT:**  Nothing.

4          **THE COURT:**  Have you ever been treated or

5    hospitalized for any mental or emotional type of illness?

6          **THE DEFENDANT:**  No, ma'am.

7          **THE COURT:**  And do you have any physical condition or

8    any mental condition that would prevent you from understanding

9    the charges against you or the consequences of a guilty plea?

10          **THE DEFENDANT:**  No, ma'am.

11          **THE COURT:**  Based upon your responses, Mr. Steele, I

12    do find you competent to enter a plea in this case.

13          Now, with respect to the other case that we're going to

14    deal with after this, I'm going to ask you the same questions.

15    And if anything has changed from the time we get to that case,

16    I want you to let me know that as well.  Again, I was going to

17    try to save time and mix the two, but I'm just giving you a

18    heads-up that I'm going to ask you the same questions.

19          All right?

20          **THE DEFENDANT:**  Okay.

21          **THE COURT:**  Now, one thing that I wanted to address,

22    because my next questions concern your legal representation.

23    And I know you're represented by Mr.~High here today.  There

24    was a little while ago you requested that the Court appoint you

25    another attorney.  Do you recall that?

1          **THE DEFENDANT:**  Yes, ma'am.

2          **THE COURT:**  And I had not ruled on that because I

3    really wanted to see how everything was going to turn out and I

4    wanted to bring you forward, if that's something we were going

5    to take up, as opposed to just ruling on it without having you

6    speak on it.  But let me ask my general questions first, and

7    then we can go back to that earlier request.

8        Are you satisfied with your legal representation?

9          **THE DEFENDANT:**  Yes, ma'am.

10          **THE COURT:**  Do you believe Mr. High has represented

11    your best interests in this case?

12          **THE DEFENDANT:**  Yes, ma'am.

13          **THE COURT:**  In your opinion, have you had enough time

14    to speak with Mr.~High about your case and have him answer any

15    and all questions you had to your satisfaction?

16          **THE DEFENDANT:**  Yes, ma'am.

17          **THE COURT:**  Now, based upon those responses,

18    Mr. Steele, I want to know whether or not you are withdrawing

19    your request, which, again, you made sometime ago, as to having

20    another appointed attorney?

21          **THE DEFENDANT:**  At the time, I wasn't satisfied, but

22    now it's turned out different.

23          **THE COURT:**  You are satisfied now?

24          **THE DEFENDANT:**  Yes, ma'am.

25          **THE COURT:**  Now, is it fair to say, then, that you

10

1   withdraw your request for another attorney?  In other words,

2   you don't want to proceed with that request, that motion?

3              **THE DEFENDANT:**  Right, right.

4              **THE COURT:**  Okay.  So what I'm going to -- based upon

5   your responses to those questions that I've just asked you as

6   well as your statement right now, I am going to deny that

7   request as withdrawn by you.  Do you understand?

8              **THE DEFENDANT:**  Yes, ma'am.

9              **THE COURT:**  Okay.  Now, I want to turn to the

10  indictment pending against you in this case.  Have you reviewed

11  the indictment?

12             **THE DEFENDANT:**  Yes, ma'am.

13             **THE COURT:**  Yourself?

14             **THE DEFENDANT:**  Yes, ma'am.

15             **THE COURT:**  In Count 1 of the second superseding

16  indictment, you're charged with RICO Conspiracy.  There are

17  some other details.  But that's generally what you're charged

18  with in violation of 18 U.S.C. 1962(d).  Would you like the

19  Court to read the indictment to you?

20             **THE DEFENDANT:**  I'm good.

21             **THE COURT:**  I didn't hear the answer to that

22  question.

23             **THE DEFENDANT:**  Yes, ma'am.

24             **THE COURT:**  You would like me to read the indictment?

25             **MR. HIGH:**  Your Honor, let me just provide him with a

1    copy of the indictment.

2         THE COURT:  Then I'll ask you that question again, if

3    you would like me to read it.

4         (PAUSE.)

5         MR. HIGH:  Your Honor, he's had the opportunity to

6    look back over the second superseding indictment and the

7    two -- the counts that were alleged against him, Your Honor.

8         THE COURT:  All right.  Having reviewed that second

9    superseding indictment, Mr.~Steele, would you like the Court to

10   read that to you, or do you waive the reading?

11        THE DEFENDANT:  Waive.

12        THE COURT:  Very well, then, sir.

13      You confirm for the Court that you're fully aware of what

14   you're charged with in that second superseding indictment?

15        THE DEFENDANT:  Yes, ma'am.

16        THE COURT:  And have you discussed that count with

17   your attorney?

18        THE DEFENDANT:  Yes, ma'am.

19        THE COURT:  With respect to Count 1 of the second

20   superseding indictment, there are certain elements of proof

21   associated with it.  If for any reason your case went to trial,

22   Mr. Steele, the government would have to prove those elements

23   that I'm going to ask Mr. Stringfellow to identify, before you

24   could be found guilty.

25      Would you please state the elements of proof.

1    **MR. STRINGFELLOW:**  Yes, Your Honor.

2        To prove a RICO Conspiracy, the government would have to

3    show that two or more people agreed to submit a substantive

4    RICO offense and that defendant knew of and agreed to the

5    overall objective of the RICO offense.

6        The substantive RICO provision requires that the

7    government show the existence of an enterprise that affected

8    interstate commerce; that the defendant was associated with

9    that enterprise; that the defendant participated in the conduct

10   of the enterprise's affairs; and that his participation

11   constituted a pattern of racketeering activity which occurs

12   when the defendant commits at least two predicate acts within

13   ten years.  It does not require that the defendant actually

14   commit two or more racketeering acts, only that the defendant

15   adopt the goal of furthering or facilitating the criminal

16   endeavors.

17       And then you want me to read on the penalties, Your Honor?

18           **THE COURT:**  No.  I'll address the penalties.

19       With regard to the elements of proof, Mr. Steele, do you

20   have any questions about them or the nature of the charges with

21   respect to Count 1 of the second superseding indictment?

22           **THE DEFENDANT:**  No, ma'am.

23           **THE COURT:**  Now, we're going to turn to the maximum

24   possible penalties of Count 1 of the second superseding

25   indictment.  Those maximum possible penalties are:

1   Imprisonment for life, a fine of not more than $250,000,

2   supervised release for not more than five years, and a special

3   assessment of $100.

4       If you plead guilty, and the Court accepts your plea, I'm

5   going to sentence you at some point in the future, Mr. Steele.

6   Do you understand that if you are sentenced to serve time in

7   prison, you may be subject to a term of supervised release

8   after you've been released from prison?

9           **THE DEFENDANT:**  Yes, ma'am.

10          **THE COURT:**  In that instance, do you understand that

11  if you violate one or more of the conditions of supervised

12  release, you may be returned to prison for all or part of the

13  supervised release period?

14          **THE DEFENDANT:**  Yes, ma'am.

15          **THE COURT:**  Do you have any questions at all about

16  the maximum possible penalties applicable to Count 1 of the

17  second superseding indictment?

18          **THE DEFENDANT:**  No, ma'am.

19          **THE COURT:**  Do you understand those penalties?

20          **THE DEFENDANT:**  Yes, ma'am.

21          **THE COURT:**  We're going to turn now then to the

22  evidence that the government has and would be prepared to prove

23  against you if your case went to trial.

24      Mr. Stringfellow, what is the government's evidence?

25          **MR. STRINGFELLOW:**  The defendant, Darrell Steele, as

1   set forth in Count 1 of the second superseding indictment,

2   agreed that a coconspirator would commit at least two acts of

3   racketeering involving narcotics, murder, attempted murder,

4   obstruction of justice, money laundering, and intimidation of

5   witnesses and/or victims.  Examples of his participation in and

6   the facilitation of the pattern of racketeering are set forth

7   below.

8        As far as proof of the defendant's membership in the

9   Gangster Disciples, defendant is a self-admitted member of the

10  Gangster Disciples.  He has tattoos signifying membership in

11  the gang.  Mr. Steele was a free world drug distributor and

12  enforcer for the Enterprise.

13       As far as it relates to the overt acts, the United States

14  would show that the Gangster Disciples operated throughout the

15  state of Mississippi and have a significant presence in the

16  state prison system, including MSP in Sunflower County.

17       The government is in possession of evidence showing that

18  the defendant participated in selling narcotics, including

19  evidence of him setting up transactions, setting prices, and

20  quantities to be sold and/or purchased.  Law enforcement

21  officials conducted several controlled buy-walks of narcotics

22  targeting Mr. Steele and another Gangster Disciple member.

23  Through a confidential informant, law enforcement officials

24  purchased gram quantities of cocaine and crack cocaine from

25  Steele and coconspirator 1 on four separate occasions.  Each

1  were recorded.

2       The defendant himself admitted to law enforcement that he

3  conspired to distribute methamphetamine with fellow Gangster

4  Disciple member Derrick Houston.

5       Finally, the evidence would show that throughout the

6  course of the conspiracy, the defendant was responsible for the

7  distribution of fifty grams of methamphetamine (actual).

8       Additionally, there is ample evidence showing Mr. Houston

9  and Mr. Steele conspired to kill prison official Tony Donald.

10 Specifically, on or about September 11th of 2019, Darrell

11 Steele, along with other Gangster Disciples members, upon the

12 orders of Gangster Disciple leadership, made firebombs.

13 Gangster Disciple leadership members in custody ordered Steele

14 and others to retaliate against the prison official because the

15 prison official had disrespected leadership gang members.

16 After making the Molotov cocktails; that is, the destructive

17 devices, on or about September 11, 2019, Darrell Steele and

18 another Gangster Disciple member tossed said destructive device

19 into the residence of Tony Donald.  The Molotov cocktail did

20 not ignite inside the bedroom where the guard's children slept.

21 However, a second Molotov cocktail was thrown at the guard's

22 car, which did catch on fire.  The entire event was captured on

23 video surveillance, which showed Steele's face on the video

24 during the firebombing.  Furthermore, Steele's fingerprints

25 were recovered from one of the Molotov cocktails thrown through

1    the children's bedroom.

2        After finding the fingerprint, ATF agents went to Steele's

3    residence to interview him.  While there, they recovered a

4    handgun.  Steele then provided a lengthy recorded statement.

5    In it, he admitted to investigators that he manufactured both

6    Molotov cocktails used in the firebomb.  Steele admitted that

7    he manufactured the destructive devices at the request of

8    Houston, and he identified Houston as an incarcerated Gangster

9    Disciple Shot Caller who had ordered the bombing.

10        The government would ask that the Court take judicial

11   notice that Sunflower County is in this district.

12        **THE COURT:**  It is so noticed.

13        Mr. Steele, did you hear and understand the government's

14   evidence against you?

15        **THE DEFENDANT:**  Yes, ma'am.

16        **THE COURT:**  Is everything that was said about you and

17   your conduct true and correct?

18        **THE DEFENDANT:**  Yes, ma'am.

19        **THE COURT:**  Is it your intent, Mr. Steele, to plead

20   guilty voluntarily and of your own free will because you are in

21   fact guilty of the charges in Count 1 of the second superseding

22   indictment?

23        **THE DEFENDANT:**  Yes, ma'am.

24        **THE COURT:**  Has anyone threatened you or in any way

25   attempted to force you to plead guilty?

1      **THE DEFENDANT:**  No, ma'am.

2      **THE COURT:**  The Court finds, then, that there is a

3 factual basis for you to plead guilty to the charges in Count 1

4 of the second superseding indictment.

5      We'll turn next to the Plea Agreement that you entered

6 into with the government, Mr. Steele.

7      And, Mr. Stringfellow, would you please state for the

8 record its substance.

9      **MR. STRINGFELLOW:**  The defendant has agreed to plead

10 guilty under oath to Count 1 of the second superseding

11 indictment.

12      The government has agreed not to charge him with any other

13 offenses related to this charge.

14      The agreement is limited to the U.S. Attorney's Office for

15 this district, and is nonbinding as it relates to federal,

16 state, or local prosecuting, administrative or regulatory

17 authorities.

18      Should the defendant breach this agreement, which would

19 include attempting to withdraw the guilty plea, the government

20 would be released from any sentencing recommendations or

21 agreements the parties have reached.

22      The defendant understands if he breaches the Plea

23 Agreement, that he is waiving his rights under Federal Rules of

24 Evidence 410 and Rule 11(f) of the Federal Rules of Criminal

25 Procedure.

18

1        The defendant understands that restitution may apply.

2        Except as it relates to prosecutorial misconduct and

3  ineffective assistance of counsel, the defendant has waived his

4  right to appeal and/or collaterally attack his sentence and/or

5  conviction.

6        Apart from being advised of the applicability of the

7  guidelines, there has been no promise whatsoever made to the

8  defendant as to the punishment the Court might impose if it

9  accepts the plea of guilty.

10        This agreement fully reflects every understanding between

11  the parties.

12        The defendant's agreement is knowing, free, and voluntary.

13  It's not the product of force, threat, or coercion.  The

14  defendant is pleading guilty because he's guilty.

15        And, Your Honor, there -- in the Plea Supplement, there's

16  an 11(c)(1)(c) agreement.

17            THE COURT:  Mr. Steele, did the government's attorney

18  accurately state the substance of the Plea Agreement that you

19  entered into with the government?

20            THE DEFENDANT:  Ma'am, I don't understand.

21            THE COURT:  Did he accurately say what the Plea

22  Agreement that you entered into with the government -- is what

23  he said accurate?

24            THE DEFENDANT:  Yes, ma'am.

25            THE COURT:  Correct, in other words.

19

1    I've seen a copy of the plea documents, Mr. Steele, and

2 the Plea Agreement and the Plea Supplement both show a

3 signature that is represented to be your signature.  Can you

4 confirm for the Court that you did indeed sign those documents?

5         (COUNSEL AND DEFENDANT CONFERRING.)

6         **THE DEFENDANT:**  That's my signature.

7         **THE COURT:**  It is your signature on both of the

8 documents?

9         **THE DEFENDANT:**  Yes, ma'am.

10         **THE COURT:**  Did you have the opportunity to speak

11 with your attorney about the plea documents before you signed

12 them?

13         **THE DEFENDANT:**  Yes, ma'am.

14         **THE COURT:**  And do you understand all of the terms of

15 the plea documents?

16         **THE DEFENDANT:**  Yes, ma'am.

17         **THE COURT:**  Now, Mr. Stringfellow mentioned a couple

18 of things, and I just want to emphasize certain things.  If the

19 Court accepts the Plea Agreement, do you understand that you're

20 going to waive your right to appeal your conviction and your

21 sentence or to collaterally attack your conviction or sentence?

22 Do you understand that?  Do you waive that right?

23         **THE DEFENDANT:**  Yes, ma'am.

24         **THE COURT:**  And do you understand that the Court, of

25 course, has a right to reject the Plea Agreement?

1          **THE DEFENDANT:**  Yes, ma'am.

2          **THE COURT:**  Do you understand that if I do reject the

3   Plea Agreement, it will include all provisions of the Plea

4   Agreement and the supplement; so the Court would not be bound

5   by any of those things?

6          **THE DEFENDANT:**  Yes, ma'am.

7          **THE COURT:**  Do you understand that if I reject the

8   Plea Agreement, you will have the right to withdraw your guilty

9   plea?

10          **THE DEFENDANT:**  Yes, ma'am.

11          **THE COURT:**  And do you understand that if I reject

12   the Plea Agreement and you indeed withdraw your guilty plea,

13   then I may sentence you without being bound by anything in the

14   Plea Agreement?  Do you understand that?

15          **THE DEFENDANT:**  Yes, ma'am.

16          **THE COURT:**  Have you-all provided the original copy

17   of the plea documents?

18          **MR. STRINGFELLOW:**  Yes, Your Honor.

19          **THE COURT:**  Mr. High, can you please confirm that

20   before Mr. Steele signed the plea documents that you discussed

21   the case with him as well as the evidence pending against him?

22          **MR. HIGH:**  That is correct, Your Honor.  We did have

23   several discussions regarding the Plea Agreement and the Plea

24   Supplement, and the -- and all the paragraphs contained in the

25   -- both the Plea Agreement and the Plea Supplement.

1    **THE COURT:**  You-all did indeed discuss the

2  government's evidence as well?

3    **THE DEFENDANT:**  Yes, Your Honor.

4    **THE COURT:**  Do you believe that Mr. Steele will be

5  entering into this plea freely and voluntarily and with full

6  knowledge of the charges and the consequences of the guilty

7  plea?

8    **MR. HIGH:**  Yes, ma'am.

9    **THE COURT:**  The Plea Agreement, then, will be filed;

10  and the Plea Supplement will be filed under seal consistent

11  with the local rules of this court.

12    Mr. Steele, do you understand that the offense in Count 1

13  of the second superseding indictment is a felony?

14    **THE DEFENDANT:**  Yes, ma'am.

15    **THE COURT:**  Do you understand that if you plead

16  guilty to that felony and the Court accepts your plea, you may

17  be deprived of certain civil rights, such as the right to vote,

18  the right to hold public office, the right to sit on a jury,

19  and the right to possess any kind of firearm or weapon

20  whatsoever?

21    **THE DEFENDANT:**  Yes, ma'am.

22    **THE COURT:**  If you do plead guilty here and the Court

23  accepts your plea, as I mentioned earlier, I'm going to

24  sentence you at some point in the future.  I'm going to be

25  guided by the United States Sentencing Commission's Guidelines.

22

1   Now, those guidelines are only advisory.  So, the Court is not

2   obligated to follow them, if the Court chooses not to do so.

3       But what I would like to know is whether or not you and

4   your attorney have discussed how the sentencing guidelines

5   might apply to your case?

6           THE DEFENDANT:  Yes, ma'am.

7           THE COURT:  Do you understand that your guideline

8   sentence won't be able to be determined until after the Court

9   has considered a presentence report?

10          THE DEFENDANT:  Yes, ma'am.

11          THE COURT:  Do you understand as well that with

12  respect to that presentence report, you will have an

13  opportunity to review it and determine if you have any

14  objections to the reported facts or the application of the

15  guidelines recommended by the probation officer?

16          THE DEFENDANT:  Yes, ma'am.

17          THE COURT:  Do you understand that after your

18  guideline range has been determined, the Court has the

19  authority in some circumstances to depart upward or downward

20  from the guidelines; and that simply means the Court may impose

21  a sentence that is more severe or less severe than what is

22  called for by the guidelines?

23          THE DEFENDANT:  Yes, ma'am.

24          THE COURT:  Do you understand that regardless of the

25  guidelines range, the Court may sentence you to a term of

1  imprisonment up to the maximum time allowed by law?

2  **THE DEFENDANT:**  Yes, ma'am.

3  **THE COURT:**  Do you understand that if you are

4  sentenced to a term of imprisonment, you will not be released

5  on parole because parole has been abolished in this federal

6  court?

7  **THE DEFENDANT:**  Yes, ma'am.

8  **THE COURT:**  I want to turn now, then, Mr. Steele, to

9  questions regarding your constitutional rights, and

10  particularly your waiver or giving up of these certain rights

11  if you plead guilty here today.  These questions are going to

12  begin with, "Do you understand," because it is very important

13  that you understand what I'm going to ask you about.

14  My first question is, do you understand that you have the

15  right to plead not guilty?

16  **THE DEFENDANT:**  Yes, ma'am.

17  **THE COURT:**  Do you understand that under the

18  Constitution and the laws of this country, you are entitled to

19  a speedy and public trial by jury on the charges pending

20  against you?

21  **THE DEFENDANT:**  Yes, ma'am.

22  **THE COURT:**  Do you understand that if you had a

23  trial, you would be presumed innocent of the charges and the

24  government would have to prove your guilt beyond a reasonable

25  doubt before you could be found guilty?

1            **THE DEFENDANT:**  Yes, ma'am.

2            **THE COURT:**  Do you understand that if you had a

3    trial, the government's witness would have to come into court

4    and testify in your presence; that your attorney could

5    cross-examine the government's witnesses and your attorney

6    could call witnesses to testify on your behalf?

7            **THE DEFENDANT:**  Yes, ma'am.

8            **THE COURT:**  Do you further understand that if you had

9    a trial, you would have the right to require that witnesses

10   come to court and testify?

11           **THE DEFENDANT:**  Yes, ma'am.

12           **THE COURT:**  Do you understand as well that if you had

13   a trial, you would have the right to testify in your own

14   defense but if you chose not to testify, the fact that you did

15   not testify could not be used against you?

16           **THE DEFENDANT:**  Yes, ma'am.

17           **THE COURT:**  Do you understand that if you had a trial

18   and you were convicted, you would have the right to appeal not

19   only your conviction but also your sentence?

20           **THE DEFENDANT:**  Yes, ma'am.

21           **THE COURT:**  Based upon your responses thus far,

22   Mr. Steele, do you understand that if you plead guilty and the

23   Court accepts your plea, there's not going to be a trial and

24   I'm going to enter a judgment of conviction and then I'm going

25   to sentence you after I've considered the other -- I've

25

1  considered the presentence report?

2          **THE DEFENDANT:**  Yes, ma'am.

3          **THE COURT:**  Do you have any questions at all about

4  your constitutional rights?

5          **THE DEFENDANT:**  No, ma'am.

6          **THE COURT:**  Have you and your attorney specifically

7  discussed giving up -- your giving up of these constitutional

8  rights if you plead guilty?

9          **THE DEFENDANT:**  Yes, ma'am.

10          **THE COURT:**  Having discussed giving up these

11  constitutional rights that I've just mentioned with your

12  attorney, is it still your wish to plead guilty to Count 1 of

13  the second superseding indictment?

14          **THE DEFENDANT:**  Yes, ma'am.

15          **THE COURT:**  I'm going to ask you for your plea,

16  Mr. Steele.  If you have any questions or concerns about what

17  has happened in this proceeding thus far, this would be the

18  time to raise them.

19      So, do you have any questions?

20          **THE DEFENDANT:**  No, ma'am.

21          **THE COURT:**  Any concerns?

22          **THE DEFENDANT:**  No, ma'am.

23          **THE COURT:**  In the case of the United States of

24  America versus Darrell Steele, how do you plead to Count 1 of

25  the second superseding indictment?

1  **THE DEFENDANT:** Guilty.

2  **THE COURT:** It is this Court's finding in this case,

3  then, Mr. Steele, that you're competent and capable of entering

4  an informed plea; that you're aware of the nature of the

5  charges and the consequences of the guilty plea, and that your

6  guilty plea is knowing, voluntary, and supported by an

7  independent basis and fact which is not the result of force,

8  threats, or promises.

9  The Court accepts your plea. You're now adjudged guilty

10 of the charges in Count 1 of the second superseding indictment.

11 The Court also accepts the Plea Agreement that you entered into

12 with the government.

13 I had mentioned that presentence report, Mr. Steele. I'm

14 going to order that probation prepares that Presentence Report.

15 You're going to be questioned by a probation officer for

16 purposes of that report. I encourage you to have your attorney

17 present while you are being questioned. I also encourage you

18 to answer all of those questions honestly. Your honest answers

19 are important because your responses will be incorporated into

20 the presentence report. And I assure you, I read every single

21 word in determining what I believe is an appropriate sentence

22 in your case. So please keep those things in mind.

23 I'm going to set your sentencing hearing for August 16,

24 2023, unless someone tells me that they have a conflict.

25 Mr. Stringfellow, what about you?

1      **MR. STRINGFELLOW:**  That works for government, Your

2   Honor.

3          **THE COURT:**  Mr. High?

4       That is a Wednesday.

5          **MR. HIGH:**  That works for me also, Your Honor.

6          **THE COURT:**  All right.  I will likely set it in the

7   afternoon probably around either 1:00 or 1:30, just to give

8   you-all a heads-up about that.  So, August 16th, 2023 will be

9   the date of sentencing.

10      When I enter that order setting your sentencing date,

11  Mr. Steele, there are going to be some presentencing deadlines

12  also in that order.  Your attorney can make you aware of those

13  deadlines.

14      One thing I'm not going to set a deadline for is if you

15  would like to submit -- or have persons, rather, on your behalf

16  submit reference letters, you can do so.  I just ask that you

17  try to get them in early enough to make sure that I have time

18  to read them before your sentencing hearing.  And they can come

19  from anyone you wish:  Friends, family, people that you know in

20  your community, people you worship with, anyone.  Again, just

21  ask them to write those letters early so that your attorney can

22  file them on the docket in your case to make sure that I see

23  them before your sentencing hearing.

24          **THE DEFENDANT:**  Yes, ma'am.

25          **THE COURT:**  Now, at your sentencing hearing, you will

28

1   have the right to speak on your own behalf.  Your attorney will
2   have the right to speak on your behalf, too.  You are not
3   required to speak, but I'm always very interested in hearing
4   anything that you think I should take into consideration before
5   I sentence you.

6       And while we're talking about the things that are not
7   required, you're not required to submit any reference letters.
8   It will in no way be held against you if no one writes a letter
9   on your behalf.  Again, I just wanted to make you aware of the
10  option.

11      All right.  Is there anything else we need to take up on
12  this matter?

13      Mr. Stringfellow?

14          **MR. STRINGFELLOW:**  No, Your Honor.

15          **THE COURT:**  Mr. High?

16          **MR. HIGH:**  No, Your Honor.

17          **THE COURT:**  Mr. Everill?

18          **PROBATION OFFICER:**  No, Your Honor.

19          **THE COURT:**  All right, then.  We've got our
20  sentencing date.  So what we're going to do, Mr. Steele, I'm
21  going to adjourn this matter, and then we're going to turn to
22  the next matter involving a different case.

23      All right.  So we are formally adjourned from 3:19-CR-65.

24      (Adjourned:  2:07 p.m.)

25

1                           CERTIFICATE

2           I, Brenda D. Blackburn, Federal Official Court

3    Reporter, in and for the United States District Court for the

4    Northern District of Mississippi, do hereby certify that

5    pursuant to Section 753, Title 28, United States Code, that the

6    foregoing 28 pages are a true and correct transcript of the

7    stenographically reported proceedings held in the

8    above-entitled matter and that the transcript page format is in

9    conformance with the regulations of the Judicial Conference of

10   the United States.

11          Witness my hand, this 15th day of August, 2023.

12

13                          /s/BRENDA D. BLACKBURN
                            _____
14                          BRENDA D. BLACKBURN, RPR, CCR NO. 1087
                            FEDERAL OFFICIAL COURT REPORTER

15

16

17

18

19

20

21

22

23

24

25